Filed 8/26/21  P. v. Pacheco CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ZINA LUCETTE PACHECO,<br><br>    Defendant and Appellant. | E076837<br><br>(Super.Ct.No. FVA010407)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Zina Lucette Pacheco appeals the San Bernardino County Superior Court's denial of her petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

## BACKGROUND

*1.  The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from our opinion issued in the appeal from the judgment taken by defendant and codefendant Luis Enrique Trujillo.  (*People v. Trujillo* (June 8, 2001, E026262) [nonpub. opn.].)  A copy of the opinion is included in the record on appeal.

In 1998, defendant was the aggrieved party in a love triangle involving her girlfriend Monica Santos and Monica's ex-boyfriend, Jesse Morales.  After spending the night with Santos, Morales stole defendant's bicycle, assaulted her, harassed Santos, and went to Santos's home looking for defendant while brandishing a weapon.  In response, defendant drove four people, including codefendant Trujillo, to the trailer occupied by Morales.  She carried a rifle with a suppressor in the trunk of her car.  Once outside the trailer, while Trujillo was loading the rifle, defendant told him, "Either do it or don't." Trujillo discharged the weapon repeatedly into the trailer, killing Morales.

A jury convicted defendant and Trujillo of premeditated, deliberate first degree murder.  The court sentenced defendant to an aggregate term of 27 years to life in prison, consisting of 25 years to life for the murder plus two additional years for a firearm

---

[1]  All further statutory references are to the Penal Code.

2

offense in violation of subdivision (d) of former section 12022 (a principal not personally armed but with knowledge that another principal is armed with a firearm during the commission of the offense).

Defendant and codefendant appealed their conviction to this court. (*People v. Trujillo*, *supra*, E026262.) We struck the two-year sentence imposed pursuant to subdivision (d) of former section 12022 as to defendant for the firearm enhancement, replaced it with a one-year enhancement under subdivision (a) of that statute, and affirmed the judgments as to both defendants in all other respects.

2. *Defendant's petition for resentencing*

On January 1, 2019, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015.) That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule and to eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015.) The bill also added section 1170.95, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.

In January 2019, defendant submitted a petition to the trial court pursuant to section 1170.95 in which she requested resentencing under the new laws. In response, the People argued defendant's pleading had not established a prima facie case. They also filed a motion to strike the petition on the grounds Senate Bill No. 1437 violated the constitution, as well as a request for judicial notice of the record on appeal from the

3

judgment and the trial court's files and records. Defendant opposed the People's motions.

Defendant and her counsel were present when the court heard arguments on the petition on March 17, 2021, and took the matter under submission. The court issued a written order taking judicial notice of its file and this court's opinion, and denied the petition. It explained the jury instructions and the verdict showed the jury found defendant had committed premeditated murder with express or implied malice, that is, the record of conviction conclusively established that defendant was convicted as a direct aider and abettor, and not under the felony murder rule or a natural and probable consequences theory.

Defendant appealed and we appointed counsel to represent her. We granted her unopposed request to take judicial notice of the record in her direct appeal (*People v. Trujillo*, *supra*, E026262), submitted as Exhibits A through G to the request.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests three potentially arguable issues: (i) whether the trial court erred when it denied defendant's petition for relief under section 1170.95; (ii) whether the procedural protections afforded defendants in *Wende/Anders* apply to an appeal of a denial of a section 1170.95 petition; and,

4

(iii) whether this court should conduct an independent review of the record if *Wende/Anders* does not apply in this case.

Counsel states this court is required to undertake a review of the entire record. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, (*Cole*) review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment. We also recognize our discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no

5

supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which she has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.


FIELDS

J.

7